IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02744-LTB

DELANO TENORIO,

    Petitioner,

v.

LT. TAD HIGH HAWK, ACTING WARDEN,
Chief Ignacio Justice Center Adult Detention,
&
THOMAS MOQUINO, TRIBAL COURT JUDGE,
GOVERNOR for the Pueblo of Kewa

    Respondents.

---

MEMORANDUM OPINION AND REVISED ORDER OF DISMISSAL

---

Babcock, J.

On October 26, 2018, Petitioner, Delano Tenorio, through counsel, filed a Petition for Writ of Habeas Corpus for Relief From a Tribal Court Conviction Pursuant to 25 U.S.C. § 1303 ("Petition"). (ECF No. 1). As required by 28 U.S.C. § 1914, the required filing fee was paid. (*Id.*). At the time the Petition was filed, Petitioner was incarcerated at the Chief Ignacio Justice Center in Towaoc, Colorado, pursuant to his convictions and combined sentences of over 2,630 days in Case Nos. SDPMR-0617-05 and SDPMR-0617-10 imposed by the Santo Domingo Tribal Court of the Kewa Pueblo in New Mexico. (*Id.*).

On November 20, 2018, counsel for the Petitioner filed a First Amended Petition for Writ of Habeas Corpus for Relief from a Tribal Court Conviction and Banishment Pursuant to 25 U.S.C. § 1303 ("Amended Petition"). (ECF No. 10). Subsequently on November 21, 2018, in apparent recognition of this Court's Local Rules regarding the

1

filing of an amended pleading under D.C.COLO.LCivR 15.1, a Notice of Filing Amended Petition Under Fed. R. Civ. P. 15(a)(1) was filed which attached as an exhibit the Amended Petition as a "strike through" document. (ECF No. 14). Review of the Amended Petition demonstrates that dismissal of this action without prejudice is warranted.

I. **Factual and Procedural Background**

Petitioner is a member of the Pueblo of Kewa (formerly known as the Pueblo of Santo Domingo) ("Tribe"), a federally recognized Indian Tribe in New Mexico. (ECF No. 14-1 at 3 (citing Fed. Reg. 83,34863 (July 23, 2018)). Respondent Moquino is the current Tribal Governor/Tribal Court Judge of the Tribe. (*Id.* at 4). In his Amended Petition, the Petitioner alleges that he was arrested on June 5, 2017 and taken into custody by Tribal Police. (*Id.*). Petitioner claims he was arraigned and sentenced in a single criminal proceeding held before the Santo Domingo Tribal Court of the Kewa Pueblo ("Tribal Court") on June 7, 2017 based on two separate case numbers. (*Id.*).

Although none of the referenced Exhibits are attached to the strike through Amended Petition filed on November 21, 2018 (ECF No. 14-1), the Court is aware from other filings in the case that the written Arraignment and Judgment for Case No. SDPMR-0617-05 reflects a plea of guilty by the Petitioner on June 7, 2017 to the crimes of Intoxication, Disorderly Conduct 2nd, Theft, and Breaking & Entering. (ECF No. 10-2; *see also* ECF No. 14-1 at 6). Based upon the Petitioner's guilty plea, the Tribal Court imposed a sentence upon him in Case No. SDPMR-0617-05 of a total jail term of 450 days, together with fines, court costs, and other fees or costs. (*Id.*).

The written Arraignment and Judgment for Case No. SDPMR-0617-10 reflects a plea of guilty by the Petitioner on June 7, 2018 to the crimes of Assault (X7), Recklessly

2

Endangering Another (X7), Terroristic Threats, Disorderly Conduct, Negligent Use of Deadly Weapon (X7), Negligent Use of Deadly Weapon, and Abuse of a Child (X5). (ECF No. 10-3; *see also* ECF No. 14-1 at 6). Based upon the Petitioner's guilty plea, the Tribal Court imposed a sentence upon him in Case No. in Case No. SDPMR-0617-10 of a total jail term of 2,180 days, together with fines, court costs, and other fees and costs. (*Id.*). Physical custody of the Petitioner was transferred to the Chief Ignacio Justice Center in Towaoc, Colorado. (ECF No. 14-1 at 2). Respondent High Hawk is the Captain and/or Acting Warden of the Chief Ignacio Justice Center. (*Id.* at 3).

In the original Petition filed with this Court on October 26, 2018, Petitioner had challenged "his present physical confinement," arguing that his convictions from June 7, 2017 were not only invalid but also imposed in violation of the Indian Civil Rights Act ("ICRA"). (ECF No. 1 at 2). Petitioner sought, among other things, immediate release from physical custody. (*Id.* at 16). On October 30, 2018, Magistrate Judge Gordon P. Gallagher directed Respondents to file a preliminary response to the original Petition that was limited to addressing the affirmative defense of exhaustion of tribal remedies. (ECF No. 5). Respondents were provided with 21 days from the date of the Order in which to file their preliminary response. (*Id.*). Under the October 30, 2018 Order, Petitioner was allowed 21 days from the date of the filing of a preliminary response in which to file a reply and provide any information that might be relevant to his efforts to exhaust tribal remedies or factual basis to demonstrate that an exception to the tribal exhaustion doctrine is present. (*Id.*).

On November 20, 2018 at approximately 12:20 p.m., Petitioner filed an Amended Petition. (ECF No. 10). However, Petitioner's filing of the Amended Petition did not comply with D.C.COLO.LCivR 15.1(a), since the pleading was not filed pursuant to a

3

separate notice which attached the Amended Petition as a "strike through" document.

Also on November 20, 2018, at approximately 5:10 p.m., counsel for Respondent Moquino filed his Preliminary Response to the original Petition. (ECF No. 12). In his response, Respondent Moquino indicates that Petitioner made no attempt to appeal his conviction in the Tribal Court. (*Id.*). Respondent Moquino further indicates that in spite of the Petitioner's failure to exhaust his tribal remedies, on November 14, 2018, Respondent Moquino entered an Order Vacating the Conviction and Sentence of the Petitioner and ordered Petitioner's release from custody. (ECF Nos. 12 and 12-1). Respondent Moquino represents that Petitioner was released from custody on November 14, 2018, and that a certified copy of the Tribal Court Order was provided to counsel for Petitioner on November 16, 2018. (ECF No. 12 at 2). Respondent Moquino therefore contends that since Petitioner has received the relief to which he is entitled under 25 U.S.C. § 1303, his original Petition and the issue of exhaustion of tribal remedies is moot and therefore, this action must be dismissed. (*Id.*).

Respondent High Hawk filed his Preliminary Response to the original Petition on November 20, 2018 at approximately 10:18 p.m., indicating that he would not raise the affirmative defense of exhaustion of administrative remedies. (ECF No. 13). In a footnote, Respondent High Hawk indicates that he may no longer be a proper respondent in the action since the Petitioner is no longer in the custody of the Chief Ignacio Justice Center. (*Id.*).

On November 21, 2018 at approximately 8:12 a.m., Petitioner filed his Amended Petition in compliance with this Court's Local Rules although, as noted, the strike through Amended Petition has none of the referenced exhibits attached. (*see* ECF Nos. 14 and 14-1). In the Amended Petition, Petitioner acknowledges that he has been

released from physical custody and that the Tribal Court has vacated Petitioner's convictions and sentences. (ECF No. 14-1 at 6-7). Petitioner claims, however, that no notice of the Tribal Court's Order was provided to him or his counsel. (*Id.* at 7). Petitioner alleges that on November 16, 2018 at approximately 11:00 p.m., he was brought before the Tribal Court and "formally and punitively banished [ ] from the Tribal government for exercising his rights under the ICRA." (*Id.*). Under the Amended Petition, Petitioner seeks an Order from this Court:

1. Finding that the convictions dated June 7, 2017, are invalid and in violation of the Indian Civil Rights Act;

2. Finding the conviction and banishment on or about November 14, 2018 [sic] are invalid and in violation of the Indian Civil Rights Act, and;

3. Issuing the Writ of Habeas Corpus directing Respondent Thomas Moquino to vacate the banishment imposed on Petitioner, and;

4. Order relief to include prohibition against further prosecution.

5. In the alternative, Order an expedited evidentiary hearing on the merits, and;

6. Grant any other further relief that this Court deems just and proper.

(ECF No. 14-1 at 20).

## II. Analysis

While American Indian tribes are inherently sovereign, the Indian Civil Rights Act of 1968 ("ICRA"), 25 U.S.C. §§ 1301-1303, was enacted to strike a balance between tribal sovereignty and the need to "secur[e] for the American Indian the broad constitutional rights afforded to other Americans." *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 61 (1978). Accordingly, even though federal courts do not have authority to conduct de novo reviews of tribal convictions, *id.* at 67, Congress determined that the sole remedy for violations of the ICRA would be review by way of habeas corpus, *see*

5

*Nero v. Cherokee Nation of Oklahoma,* 892 F.2d 1457, 1461 (10th Cir. 1989). The IRCA provides that "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303.

Since the Petitioner was incarcerated at the Chief Ignacio Justice Center in Towaoc, Colorado, at the time he originally filed his original habeas petition under the IRCA and he also challenged the legality of his physical detention in his original habeas petition, jurisdiction and venue appeared to be at least facially appropriate in this Court because of the immediate physical custodian rule. *See Rumsfeld v. Padilla,* 542 F.3d 426, 435-36 (2004) ("[I]n 'core' habeas challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[;] . . . [i]dentification of the party exercising legal control over the detainee only comes into play when there is no immediate physical custodian."). Accordingly, this Court ordered a Preliminary Response with regard to Petitioner's original Petition concerning the issue of whether Petitioner exhausted his tribal remedies. *See Dry v. CFR Court of Indian Offenses for the Choctaw Nation,* 168 F.3d 1207, 1209 (10th Cir. 1999) (when a petition for habeas relief pursuant to § 1303 is filed, a federal district court must first determine whether the petitioner has exhausted his tribal remedies); *see also Crowe v. Dunlevy, P.C. v. Stidham,* 640 F.3d 1140, 1149 (10th Cir. 2011) (absent exceptional circumstances, federal courts are to abstain from hearing cases that challenge tribal court authority until tribal remedies, including tribal appellate review, are exhausted).

As noted in the preceding section of this Order, however, Petitioner has subsequently been released from his physical incarceration in the District of Colorado

6

and has also filed an Amended Petition. Petitioner's release from physical custody and the allegations of his Amended Petition causes the immediate physical custodian rule to no longer be relevant to his habeas case.

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." *See* 28 U.S.C. § 2242. Pursuant to Fed. R. Civ. P. 15(a)(1)(A), "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it." Assuming, without deciding, that the Court's service of the original Petition on the Respondents along with the Order to File Preliminary Response on October 30, 2018 (ECF No. 6) constitutes service of the pleading as envisioned under Rule 15(a)(1)(A), then Petitioner's filing of his Amended Petition in compliance with the Court's Local Rules on November 21, 2018 as a matter of course would appear timely. "An amended pleading 'supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.'" *See Hooten v. Ikard Servi Gas*, No. 12-2179, 2013 WL 1846840 at *4 (10th Cir. May 3, 2013) (quoting *Giles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)).

"District courts can grant habeas corpus relief only 'within their respective jurisdictions,' 28 U.S.C. § 2241(a), which requires that the district court have jurisdiction over the plaintiff's [sic] custodian, *see Rumsfeld v. Padilla,* 542 U.S. 426, 442, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004)." *Palomarez v. Young,* 726 Fed.Appx. 724, 725 (10th Cir. 2018) (unpublished); *see also Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 879-80 (2nd Cir. 1996) (Section 1303 was not "intended to have broader reach than cognate statutory provisions governing collateral review of state and federal action."). In his Amended Petition, Petitioner acknowledges that Respondent High

7

Hawk is no longer his immediate custodian. (ECF No. 14-1 at 3). References to Petitioner's physical confinement in the amended pleading have been modified and no longer constitute the primary focus of the allegations in the Amended Petition. (*see* ECF No. 14-1). Further, the prayer for relief has been specifically amended to remove any request for immediate release from physical custody. (*Id.* at 21).

Petitioner contends that "practicality, efficiency, and the interests of justice support continuing to name" Respondent High Hawk as a party to this action in order to prevent "the Tribal Court" from evading federal review. (*Id.* at 3). What exactly the Petitioner means or intends by this representation is not clear in his amended pleading. The case upon which Petitioner relies as authority to continue to name Respondent High Hawk as a party to this action issued from the Eastern District of California in *Quair v. Sisco,* 359 F.Supp.2d 948 (E.D. Cal. 2004), and reflects the California federal district court ultimately determined that the proper custodian to be named as respondent in the § 1303 habeas corpus action before it was any person empowered to end restraint of a habeas petitioner's liberty. *Quair*, 359 F.Supp.2d at 974. Petitioner, however, fails to allege in the Amended Petition a plausible basis in fact to demonstrate that Respondent High Hawk would be empowered to grant or otherwise be able to provide the relief concerning his vacated convictions or his banishment which the Petitioner seeks in this action.

The Court is aware that generally the proper respondent in a habeas corpus action is "the warden of facility where the prisoner is being held." *Padilla*, 542 U.S. at 435-36. The record here, though, reflects that the Petitioner is no longer incarcerated at the Chief Ignacio Justice Center and also that he is not currently incarcerated elsewhere. Instead, the Petitioner "challenges his previous criminal conviction[s] and

8

sentence[s] as the underlying basis of his permanent banishment from the [Tribe] by the Tribal Court." (ECF No. 14-1 at 2). Therefore, the immediate physical custodian rule, by its terms, does not appear to apply because Petitioner "challenges something other than his present physical confinement." *Padilla,* 542 U.S. at 437.

A habeas petitioner "who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Padilla,* 542 U.S. at 438; *see also United States v. Foster,* 2001 WL 101763 at *1 (10th Cir. 2001) (unpublished opinion) (describing issue as one of personal jurisdiction). Petitioner acknowledges that he must name as a respondent a tribal official who has both an interest in opposing the petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has merit – namely his unconditional freedom." (ECF No. 14-1 at 3 (citing *Poodry,* 85 F.3d at 899-900)). Petitioner alleges that the appropriate tribal official in this regard is Respondent Moquino, who he contends would possess the authority to alter his convictions, sentences, and underlying tribal orders which would, among other things, encompass the issue of Petitioner's banishment from Tribal government. (ECF No. 14-1 at 3). The Amended Petition, however, fails to allege any facts or legal authority to demonstrate that Respondent Moquino or the Tribal Court are situated within the respective jurisdiction of the District of Colorado or are otherwise subject to the jurisdiction of this Court. Therefore, as the Court of Appeals for the Tenth Circuit ("Tenth Circuit") has cautioned, "so as long as [Petitioner's] custodian is not located within the territorial jurisdiction" of the District of Colorado, this Court "does not have jurisdiction to grant him habeas corpus relief." *Palomarez,* 726 Fed.Appx. at 725.

The bottom line in this case is that none of the events or omissions giving rise to

the actions complained of in the Amended Petition occurred within the District of Colorado, Petitioner's liberties are not restrained in this District, and the Respondent who the Petitioner acknowledges has authority to provide him with the relief he seeks does not reside within this District. "A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). The Tenth Circuit has "interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." *Id.* (citation omitted).

The Court declines to transfer this action to the District of New Mexico because transfer of the Amended Petition to the District of New Mexico would not solve the issue of personal jurisdiction. Petitioner has named two Respondents in this action who, for purposes of the habeas corpus claims he has raised, reside in two different states. The Tenth Circuit has recognized that a patent impediment exists with regard to transfer in situations where named defendants reside in different states because "there [is] no single court to which the action could be transferred with any assurance that jurisdiction would [be] proper." *Shrader v. Biddinger,* 633 F.3d 1235, 1249-50 (10th Cir. 2011). The reasoning concerning an impediment to transfer in the situation where defendants reside in different states as acknowledged by the Tenth Circuit is clearly applicable in this case. Further, although the Tenth Circuit has stated that transfer is a discretionary option to cure deficiencies related to personal jurisdiction, the appellate court has noted an absence of authority "permitting, much less requiring, a district court to unilaterally split up an action" to transfer a resulting component of the case to another jurisdiction. *Id.* at 1249-50. Therefore, dismissal of the Amended Petition without prejudice is

warranted in this case.

## III.     Conclusion and Orders.

Based on the foregoing analysis, and the record herein, the interests of justice and judicial economy are best served in this action by a dismissal without prejudice of the Amended Petition.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal.   See *Coppedge v. United States*, 369 U.S. 438 (1962).   If Petitioner files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Notice of Filing Amended Petition Under Fed. R. Civ. P. 15(a)(1) and First Amended Petition for Writ of Habeas Corpus for Relief from a Tribal Court Conviction and Banishment Pursuant to 25 U.S.C. § 1303 (ECF Nos. 14 and 14-1), together with this entire action, are dismissed without prejudice based on jurisdictional and venue defects.   It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Petitioner has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied.   It is

11

FURTHER ORDERED that any pending motions are DENIED as moot.

DATED at Denver, Colorado, this 29th day of November, 2018.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court